THE PEOPLES NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34145. Promulgated June 19, 1931.

*Frank J. Albus, Esq.*, and *James V. Giblin, C. P. A.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.

OPINION.

SMITH: Section 234 (a) (1) of the Revenue Acts of 1921 and 1924 provides that in computing net income there shall be allowed as deductions all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The petitioner contends that the payments of $40,000 in 1923 and $12,080 in 1924 to the Kennebec Trust Company are deductible as business expenses in the nature of compensation for the services of the officers, directors, and stockholders of that bank in transferring deposit accounts to the petitioner bank. These amounts were paid out in connection with the transfer of the deposit accounts and were designated by the petitioner as " paid for new business " and " purchase of deposits " upon its income-tax returns.

In *First National Bank of Omaha* v. *Commissioner of Internal Revenue*, 49 Fed. (2d) 70, the Circuit Court of Appeals for the

Eighth Circuit affirmed our decision at 17 B. T. A. 1358, disallowing the deduction of a similar expenditure, and said:

The allowance of the deduction claimed can be made, if at all, under the provisions of Section 234 (a) (1) of the Revenue Act of 1921 * * *. It appears that in 1923 petitioner, in effect, purchased the business of the Nebraska National Bank of Omaha, Nebraska, and assumed certain of its liabilities. It allowed to the Nebraska National Bank, which was about to liquidate, a so-called bonus of $94,807.73, for the purpose, it asserts, of securing "favorable contact with the depositors of the liquidating bank." This payment was obviously not an ordinary and necessary expense incurred in carrying on the business of petitioner within the meaning of Section 234 of the Revenue Act of 1921. * * *

By the payments in question the petitioner acquired deposits of about $1,500,000, which were of obvious value to it and a dominant factor in bringing about the transfer of the assets and liabilities of the liquidating bank. Such payments, regardless of designations applied thereto, are capital expenditures and are not deductible as ordinary and necessary business expenses. *First National Bank of Omaha* v. *Commissioner of Internal Revenue, supra; Dime Bank of Lansford, Pa.,* 20 B. T. A. 250. See also *Union National Bank,* 18 B. T. A. 468; *Bank of Terrebonne & Savings Bank,* 19 B. T. A. 1286; *Washington State Bank,* 20 B. T. A. 33.

*Judgment will be entered under Rule 50.*